1

2

3

4

5

6                           **UNITED STATES DISTRICT COURT**

7                                 **DISTRICT OF NEVADA**

8

9    EDWARD LEE TIFFANY,                    )

10                    Petitioner,           )          3:04-cv-0635-RLH-RAM
                                            )
11   vs.                                    )
                                            )          **ORDER**
12   CRAIG FARWELL, *et al.*,               )
                                            )
13                    Respondents.          )
                                            )
14   _____)

15

16   **I.  Introduction**

17            This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by

18   Edward Tiffany, a Nevada prisoner.  The action comes before the court with respect to its merits.

19   The court will deny the petition.

20   **II.  Facts and Procedural Background**

21            The state charged petitioner, by way of amended information, with five counts of

22   lewdness with a child under the age of fourteen (counts I-IV and VIII), two counts of sexual assault

23   on a child (counts VI and VII) and one count of attempted sexual assault (count V) for offenses

24   committed on his granddaughter between May 1994 and May 1995 and January 1999 and March

25

26

1    1999.  Exhibit 13.[1]  After a jury trial on February 28, 2000 through March 2, 2000, the jury convicted

2    petitioner as charged.  Exhibits 34-40.

3              The sentencing hearing was held on April 13, 2000.  Exhibit 46.  The trial court

4    sentenced petitioner to 62 months in prison with parole eligibility after 24 months for counts I and II,

5    to life imprisonment with parole eligibility after 10 years for counts III, IV and VIII, to 96 months in

6    prison with parole eligibility after 24 months for count V, and to life imprisonment with parole

7    eligibility after 20 years for counts VI and VII.  Exhibits 46 and 47.  Counts II, III, IV and VIII are to

8    run concurrently with count I, and counts V and VII are to run concurrently with count VI.  *Id.*

9    Count VI is to run consecutively to count I.  *Id*.  A judgment of conviction issued on the same day.

10   Exhibit 47.  Petitioner appealed, and the Nevada Supreme Court affirmed the convictions on

11   September 10, 2001.  Exhibit 56.  Remittitur issued on October 8, 2001.  Exhibit 58.

12             Petitioner filed his state petition for habeas corpus relief on July 21, 2002, raising six

13   grounds for relief.  Exhibit 61.  Appointed counsel filed a supplemental memorandum expounding

14   on petitioner's ineffective assistance of counsel claims.  Exhibit 64.  The state, in its response and

15   motion to dismiss some of the claims, conceded that a hearing was needed on petitioner's second

16   claim, that trial counsel failed to request the petitioner be evaluated for competency to stand trial.

17   Exhibit 65.  The state also requested a more definite statement with regard to petitioner's third claim,

18   in which he alleged trial counsel failed to investigate certain witnesses.  *Id.*  In its reply the state

19   conceded an evidentiary hearing and more definite statement was required for claim three, and that

20   the court should also hold a hearing on a portion of claim four, in which petitioner argued counsel

21   failed to introduce the medical report of the nurse who examined the victim.  Exhibit 68.

22             The trial court held a hearing on claims two, three and part of claim four on

23   November 24, 2003, and dismissed the remainder of petitioner's claims.  Exhibits 71 and 72.  After

24   the hearing the trial court denied the remaining claims.  Exhibit 76.  Petitioner appealed, and the

25

26        [1]  The exhibits cited in this order in the form "Exhibit ___," are those filed by petitioner in
     support of his petition for writ of habeas corpus and are located in the record at docket #15, 16 and 17.

1   Nevada Supreme Court affirmed the district court's denial of the claims.  Exhibit 79.  Remittitur

2   issued on September 17, 2004.  Exhibit 81.

3          Petitioner initiated the instant federal habeas action on November 5, 2004 (docket

4   #1).  An amended petition was filed on July 22, 2005 (docket #14).  Respondents moved to dismiss

5   the petition, arguing grounds one, two and part of five were unexhausted and that grounds one and

6   two were not cognizable in a federal habeas petition (docket #22).  This court granted the motion to

7   dismiss with respect to claim two, and gave petitioner the option to abandon his second claim or to

8   return to state court to exhaust the claim (docket #27).  Petitioner abandoned his second claim

9   (docket #28).  Respondents filed an answer and petitioner filed a reply (docket # 29 and 32).

10  **III.  Federal Habeas Corpus Standards**

11         The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal

12  standard for the Court's consideration of this habeas petition:

13         An application for a writ of habeas corpus on behalf of a person in
       custody pursuant to the judgment of a State court shall not be granted
14     with respect to any claim that was adjudicated on the merits in State court
       proceedings unless the adjudication of the claim --

15
       (1)   resulted in a decision that was contrary to, or involved an
16     unreasonable application of, clearly established Federal law, as
       determined by the Supreme Court of the United States; or
17
       (2)   resulted in a decision that was based on an unreasonable
18     determination of the facts in light of the evidence presented in the State
       court proceeding.
19

20  28 U.S.C. §2254(d).

21         The AEDPA "modified a federal habeas court's role in reviewing state prisoner

22  applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are

23  given effect to the extent possible under law."  *Bell v. Cone,* 535 U.S. 685, 693 (2002).   A state

24  court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28

25  U.S.C. § 2254, "'if the state court applies a rule that contradicts the governing law set forth in [the

26  Supreme Court's] cases'" or "'if the state court confronts a set of facts that are materially

3

1    indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result

2    different from [the Supreme Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)

3    (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

4       A state court decision is an unreasonable application of clearly established Supreme

5    Court precedent "'if the state court identifies the correct governing legal principle from [the Supreme

6    Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'"

7    *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413).  The unreasonable application clause

8    "requires the state court decision to be more than incorrect or erroneous"; the state court's

9    application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529

10   U.S. at 409).  *See also Ramirez v. Castro*, 365 F.3d 755 (9th Cir. 2004).

11      In determining whether a state court decision is contrary to, or an unreasonable

12   application of, federal law, this Court looks to a state court's last reasoned decision. *See Ylst v.*

13   *Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Plumlee v. Masto*, 512 F.3d 1204, 1209-10 (9th Cir.

14   2008) (en banc).

15      Moreover, "a determination of a factual issue made by a State court shall be presumed

16   to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness

17   by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

18   **IV. Discussion**

19      **A. Ground One**

20      In his first claim for relief petitioner argues that the trial court erred in admitting at

21   trial the videotaped statements made by the victim to police officers investigating the case, and

22   thereby violated his Fifth, Sixth and Fourteenth Amendment rights.  Furthermore petitioner contends

23   that the court improperly allowed hearsay statements to be introduced through the testimony of the

24   victim's mother.

25      Prior to trial the state filed a motion to determine the admissibility of the victim's out-

26   of-court statements.  Exhibit 14.  The trial court determined that the statements were admissible as

4

1   the victim was available to testify at trial and the statements were sufficiently trustworthy due to the

2   time, content and circumstances surrounding the statements.  Exhibit 30.  On appeal the Nevada

3   Supreme Court rejected petitioner's arguments that the trial court abused its discretion in admitting

4   the victim's out-of-court statements at trial.  Exhibit 56.  The court also noted that as the victim's

5   actual testimony at trial was brief, the statements were not cumulative and the testimony was

6   probative of the victim's credibility that the district court was not manifestly wrong in admitting the

7   hearsay statements.  *Id.* at 2.

8        The Nevada Supreme Court's decision was not an objectively unreasonable

9   application of federal law.  Admission of hearsay statements do not violate a defendant's

10   Confrontation Clause rights if the declarant is available at trial for cross-examination.  *See*

11   *California v. Green*, 399 U.S. 149, 157-64 (1970); *United States v. Valdez-Soto*, 31 F.3d 1467, 1470-

12   71 (9th Cir. 1994).  Moreover, the Nevada Supreme Court's order is not an unreasonable

13   determination in light of the evidence produced in the state court proceeding. 28 U.S.C. §

14   2254(d)(2), (e)(1) (presuming state court findings are correct unless this presumption is refuted by

15   clear and convincing evidence).  *See also Bockting v. Bayer*, 505 F.3d 973, 978 (9th Cir. 2007)

16   (holding that to introduce out-of-court statements at trial, it must be shown that the declarant will

17   testify at trial or is unavailable, and the statements must be adequately reliable or trustworthy) (citing

18   *Ohio v. Roberts*, 448 U.S. 65-66 (1980)) .[2]

19        To determine whether hearsay statements are trustworthy, a court must examine the

20   statements pursuant to relevant factors such as spontaneity, mental state, and lack of motive to

21   fabricate, however, these factors are not "exclusive and courts have considerable leeway in their

22   consideration of appropriate factors." *Bockting*, 505 F.3d at 979 (quoting *Idaho v. Wright*, 497 U.S.

23   805, 822 (1990)).  The Nevada Supreme Court found the trial court's determination that the hearsay

24   statements were reliable based on the time, content and circumstances of the statements was not an

25

26        [2]  While *Roberts* was overruled by *Crawford v. Washington*, 541 U.S. 36 (2004), *Crawford* is not applicable in this case as the United States Supreme Court has held *Crawford* will not be applied retroactively to cases on collateral review.  *Whorton v. Bockting*, 127 S. Ct 1173 (2007).

1    abuse of discretion.  Furthermore, the court found the out-of-court statements were not cumulative as

2    they ensured an accurate account of the events, did not amount to witness vouching and were

3    probative of the victim's credibility.  These findings are not objectively unreasonable in light of

4    federal law and the evidence below.  This court will deny ground 1.

5             **B.  Ground Two**

6             Petitioner elected to abandon claim two for failure to exhaust state remedies.

7    Therefore, the court will not address the merits of this claim.

8             **C. Ground Three**

9             Petitioner argues in his third claim that the trial court abused its discretion in refusing

10   to grant petitioner's request for substitution of counsel and a continuance to allow private counsel to

11   become prepared for trial in violation of his Sixth and Fourteenth Amendment rights.

12            A defendant has the right to retain counsel of his own choice.  *Powell v. Alabama*,

13   287 U.S. 45, 53 (1932).  However, it is not the "essential aim" of the Sixth Amendment to "ensure

14   that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United*

15   *States*, 486 U.S. 153, 159 (1988) (citations omitted).  To determine whether substitution of counsel

16   is necessary, a court is to consider the timeliness of the motion for substitution, the adequacy of the

17   trial court's inquiry into the defendant's complaint and whether the conflict between counsel and the

18   defendant is so great that it would prevent an adequate defense.  *United States v. McClendon*, 782

19   F.2d 785, 789 (9th Cir. 1986).

20            On the morning of trial petitioner orally moved the court for a substitution of counsel

21   and a continuance so that newly hired private counsel could prepare for the trial.  Exhibit 32.

22   Petitioner explained to the court that he had just secured funding for private counsel from his family.

23   *Id.* at 1.  Petitioner told the court he was not attempting to delay trial, and would just feel more

24   confident with private counsel rather than the two appointed public defenders.  *Id.* at 2.  The trial

25   court stated that while an individual has the right to choose an attorney, that decision must be timely

26   made.  *Id.* at 14.  The court denied the motions, finding that the public's interest in an efficient

6

1   administration of justice outweighed petitioner's right to have counsel of his choice.  *Id.*; Exhibit 33.

2         The Nevada Supreme Court found, on appeal, that the district court did not abuse its

3   discretion in denying the motion for substitution and continuance.  Exhibit 56.  The court stated that

4   the efficiency of administration of justice outweighed petitioner's rights because the jury and

5   witnesses were ready for trial, petitioner could have attempted to secure the funding from his family

6   earlier, and petitioner had no specific issues with his court appointed attorneys other than being

7   uncomfortable with them.  *Id.* at 4.

8         If a motion for substitution of counsel is made on the first day of trial, it is within a

9   trial court's discretion to deny that motion if substitution of counsel would also require a

10  continuance.  *United States v. McClendon*, 782 F.2d 785, 789 (9th Cir. 1986).  "'In evaluating the

11  timeliness of [a] motion for substitution of counsel, we balance the resulting inconvenience and

12  delay against the defendant's important constitutional right to counsel of his choice.'"  *Daniels v.*

13  *Woodford*, 428 F.3d 1181, 1197 (9th Cir. 2005) (citing *United States v. Moore*, 159 F.3d 1154, 1161

14  (9th Cir. 1998)).  The Nevada Supreme Court's determination that the delay of trial and

15  inconvenience that would result outweighed petitioner's right to counsel of his choice, when

16  petitioner had no specific conflict with counsel, is not an objectively unreasonable application of

17  federal law.  Ground 3 will be denied.

18  **D. Ground Four**

19        In his fourth claim petitioner contends that he is being held in custody in violation of

20  his Fifth and Fourteenth Amendment rights as there was insufficient evidence to convict him of the

21  charges.

22        The United States Supreme Court has held that when reviewing an insufficiency of

23  the evidence claim in a habeas petition, a federal court must determine "whether, after viewing the

24  evidence in the light most favorable to the prosecution, any rational trier of fact could have found the

25  essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 319

26  (1979).  The court must assume that the jury  resolved any evidentiary conflicts in favor of the

1   prosecution, and the court must defer to that resolution. *Jackson*, 443 U.S. at 326; *Schell v. Witek*,

2   218 F.3d 1017, 1023 (9th Cir. 2000) (*en banc*).  The credibility of witnesses is beyond the scope of

3   the Court's review of the sufficiency of the evidence. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995).

4   Under the *Jackson* standard, the prosecution has no obligation to rule out every hypothesis except

5   guilt. *Wright v. West*, 505 U.S. 277, 296 (1992) (plurality opinion); *Jackson*, 443 U.S. at 326;

6   *Schell*, 218 F.3d at 1023. *Jackson* presents "a high standard" to habeas petitioners claiming

7   insufficiency of evidence. *Jones v. Wood*, 207 F.3d 557, 563 (9th Cir. 2000).

8           The Nevada Supreme Court ruled as follows on petitioner's claim that there was

9   insufficient evidence to support his conviction:

10          We have previously held that the uncorroborated testimony of the victim,
            without more, is sufficient to uphold a sexual assault or rape conviction.  In this
11          case, H.G. herself testified to each of the counts.  Additionally, the State
            presented other evidence of Tiffany's guilt, including: (1) H.G.'s sister's
12          testimony that she once saw Tiffany simulating intercourse with H.G.; (2) The
            victim's mother's testimony that when she confronted Tiffany, he stated "I'm
13          sorry;" (3) Lurlene's testimony that Tiffany told he that he had done something
            wrong to H.G. and that he was ashamed, wanted forgiveness, and could not tell
14          her the details because she would not want anything to do with him.  After
            viewing the evidence in the light most favorable to the prosecution, we
15          conclude that "any rational trier of fact could have found the essential elements
            of the crime beyond a reasonable doubt," and therefore that sufficient evidence
16          was presented to sustain Tiffany's conviction.

17  Exhibit 56 (footnotes omitted).

18          This court agrees with the conclusion of the Nevada Supreme Court.  The court has

19  reviewed the record, and after viewing the evidence in the light most favorable to the prosecution,

20  concludes that any rational trier of fact could have found the petitioner guilty of lewdness with a child

21  under the age of fourteen (counts I-IV and VIII), sexual assault on a child (counts VI and VII), and

22  attempted sexual assault (count V).  The Nevada Supreme Court's ruling that there was sufficient

23  evidence to support petitioner's convictions was not contrary to, or an unreasonable application of,

24  clearly established federal law, as determined by the Supreme Court of the United States, and that

25  ruling was not based on an unreasonable determination of facts in light of the evidence.  28 U.S.C. §

26  2254(d).  The court will deny habeas relief with respect to ground 4.

1    **E.  Ground Five**

2           In his fifth claim petitioner alleges trial counsel was ineffective for failing to object to

3    the reasonable doubt instruction given at trial, for failing to call the nurse who examined the victim as

4    a witness at trial, for failure to investigate the prior bad acts allegations, for failing to call witnesses

5    who would testify to petitioner's good character, and for failing to raise the issue of petitioner's

6    competency.

7           In order to prove ineffective assistance of counsel, petitioner must show (1) that

8    counsel acted deficiently, in that his attorney made errors so serious that his actions were outside the

9    scope of professionally competent assistance and (2) the deficient performance prejudiced the

10   outcome of the proceeding.  *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).

11          **1.  Failure to Object to the Reasonable Doubt Instruction**

12          Petitioner contends in claim 5(A) that trial counsel failed to object to an improper

13   reasonable doubt instruction.  At trial the district court gave the jury the following instruction on

14   reasonable doubt:

15          A reasonable doubt is one based on reason.  It is not mere possible doubt, but
             is such a doubt as would govern or control a person in the more affairs of his
16          life.  If the minds of the jurors, after the entire comparison and consideration
             of all the evidence, are in such a condition that they can say they feel an abiding
17          conviction of the truth of the charge, there is not a reasonable doubt.  Doubt to
             be reasonable, must be actual, not mere possibility or speculation.
18

19   Exhibit 38.  The Nevada Supreme Court, in affirming the district court's denial of petitioner's state

20   petition for writ of habeas corpus, found that the reasonable doubt instruction given was identical to

21   the language in NRS 175.211, which the court had previously held was a proper definition of

22   reasonable doubt that did not dilute the state's burden to establish guilt beyond a reasonable doubt.

23   Exhibit 79.

24          While the Nevada Supreme Court relied on Nevada precedent, and not federal or

25   United States Supreme Court precedent, in affirming the denial of this claim, a state court is not

26   required to cite federal or United State Supreme Court cases, "so long as neither the reasoning nor the

1   result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2003) (per

2   curiam).   The Nevada Supreme Court's decision is not an objectively unreasonable application of

3   federal law.  Federal courts have previously upheld the same or similar Nevada jury instructions on

4   reasonable doubt.  *See Nevius v. McDaniel*, 218 F.3d 940, 945 (9th Cir. 2000); *Ramirez v. Hatcher*,

5   136 F.3d 1209, 1213 (9th Cir. 1998) (citing *Victor v. Nebraska*, 511 U.S. 1 (1994)).  Therefore it

6   appears that trial counsel was not deficient for failing to object to the reasonable doubt jury

7   instruction as the instruction was proper.  Ground 5(A) will be denied.

8                    **2.  Failure to Raise the Issue of Competence**

9            Petitioner alleges in claim 5(B) that he suffered a stroke several months before the trial

10  which effected his ability to communicate and testify.  Petitioner contends that his trial attorneys

11  should have insisted he be evaluated and a competency hearing be held to determine if he could stand

12  trial.  To determine whether a criminal defendant is competent a court must determine whether he can

13  rationally consult with his attorneys and understand the nature of the proceedings against him.  *Dusky*

14  *v. United States*, 362 U.S. 402, 402 (1960); *Odle v. Woodford*, 238 F.3d 1084, 1087 (9th Cir. 2001).

15           The district court held an evidentiary hearing on this claim, and after hearing testimony

16  from petitioner and his trial attorneys, found that petitioner failed to present credible evidence that he

17  could not understand the charges against him or could not assist his attorneys at trial.  Exhibit 76.

18  Furthermore the district court stated that the evidence presented at the hearing proved petitioner was

19  competent at the time of trial.  *Id.*  The Nevada Supreme Court concluded that the district court's

20  determination was supported by substantial evidence and was not clearly wrong.  Exhibit 79.

21           The Nevada Supreme Court's conclusion that petitioner failed to establish that his trial

22  attorneys were ineffective for failing to raise the issue of his competency is not an unreasonable

23  application of *Strickland* and *Dusky*.  Furthermore, a state court's factual determination may not be

24  overturned unless this court cannot "reasonably conclude that the finding is supported by the record.

25  *Cook v. Schriro*, 516 U.S. 802, 816 (9th Cir. 2008); *Miller-El v. Cockrell*, 537 U.S. 32 (2003).  The

26  factual findings of the Nevada state courts are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner

has failed to meet his burden of proving that the Nevada Supreme Court's decision was contrary to, or involved an unreasonable application of clearly established federal law.  Moreover petitioner has not shown the court's finding that the testimony at the hearing tended to show that petitioner was competent is unreasonable in light of the evidence.  Ground 5(B) will be denied.

### 3. Failure to Investigate Prior Bad Act Allegations and Failure to Offer Evidence of Petitioner's Good Character

In claim 5(C) petitioner alleges his trial attorneys failed to investigate numerous allegations of petitioner's prior bad acts of child molestation.  Petitioner contends that his attorneys advised him not to testify or introduce good character evidence, as the state could then possibly use the allegations of prior bad acts against him.  Petitioner argues that had his attorneys investigated the allegations and witnesses, counsel would have discovered the allegations were false and he then would have testified at trial.  Related to this claim is petitioner's final claim, 5(E) in which he alleges that because his attorneys failed to investigate the prior bad act witnesses they also erroneously failed to put on witnesses who would testify to petitioner's good character.

The district court denied these claims, stating that the attorneys for petitioner testified that they attempted to contact these prior bad act witnesses but the witnesses refused to speak to the attorneys.  Exhibit 76.  The court also found that petitioner failed to prove that the witnesses would testify that petitioner did not commit a crime against them, therefore no prejudice was shown.  *Id.*  On appeal the Nevada Supreme Court upheld the district court's denial of this claim.  Exhibit 79.  The court noted that both attorneys testified they had contacted the potential witnesses but none would speak with the defense.  *Id.*  Moreover, the attorneys told the court that they did not want to subpoena the witnesses without interviewing them first.  *Id.*  The court also noted that his attorneys stated they advised petitioner not to testify at trial because they did not feel petitioner would be a credible witness.  *Id.*  The court concluded that petitioner failed to show that his attorneys were ineffective.  *Id.*

The United States Supreme Court has noted that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."

11

1   *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984).  *See also Wiggins v. Smith*, 539 U.S. 510,

2   521-23 (2003) (stating that a court must determine whether counsel's tactical decision to not present

3   mitigating evidence at sentencing was reasonable).

4   Petitioner has failed to meet his burden of establishing that the Nevada Supreme

5   Court's decision was contrary to, or an unreasonable application of federal law.  Furthermore, the

6   factual findings of the state court are presumed correct.  28 U.S.C. § 2254(e)(1).  Petitioner has not

7   shown that the court's determination that the attorneys did not perform deficiently is unreasonable in

8   light of the evidence presented at the evidentiary hearing.  Grounds 5(C) and 5(E) will be denied.

9   **4.  Failure to Call Kathy Peele as a Witness**

10   Petitioner argues in claim 5(D) that his trial attorneys were deficient for stipulating

11   with the state that they would not call Kathy Peele, the nurse who conducted the sexual assault

12   examination of the victim, to testify.  Petitioner contends that had Peele testified at trial the jury

13   would have heard evidence that there were no signs of physical injury on the victim.  Moreover,

14   petitioner states this testimony would have contradicted the victim's testimony.

15   The Nevada District Court denied this claim after counsel testified at the evidentiary

16   hearing that he made a tactical decision not to call Peele, as she also would have testified that it is not

17   uncommon for a child to be sexually assaulted and have no physical evidence or injury demonstrating

18   that the assault actually occurred.  Exhibit 76.  The Nevada Supreme Court upheld the denial of this

19   claim, stating that petitioner failed to establish that the results of the trial would have been different

20   had Peele testified.  Exhibit 79.  The court also noted that the results of the sexual assault examination

21   were revealed to the jury through the testimony of a detective.  *Id.*

22   Petitioner has not met his burden of proving that the Nevada Supreme Court's decision

23   that no prejudice was established and that counsel likely was not deficient was contrary to *Strickland.*

24   Moreover, the factual findings of the state courts will be presumed correct unless the petitioner rebuts

25   this presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  As petitioner has not

26   shown that the lower court's decision was unreasonable based on the evidence presented in the state

12

1  court, ground 5(D) will be denied.

2  **V.  Certificate of Appealability**

3        In order to proceed with an appeal from this court, petitioner must receive a certificate

4  of appealability.  28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of

5  the denial of a constitutional right" to warrant a certificate of appealability.  *Id.*  The Supreme Court

6  has held that a petitioner "must demonstrate that reasonable jurists would find the district court's

7  assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484

8  (2000).

9        The Supreme Court further illuminated the standard for issuance of a certificate of

10  appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court stated in that case:

11      We do not require petitioner to prove, before the issuance of a COA, that

12  some jurists would grant the petition for habeas corpus.  Indeed, a claim
can be debatable even though every jurist of reason might agree, after the

13  COA has been granted and the case has received full consideration, that
petitioner will not prevail. As we stated in *Slack*, "[w]here a district court

14  has rejected the constitutional claims on the merits, the showing required
to satisfy § 2253(c) is straightforward: The petitioner must demonstrate

15  that reasonable jurists would find the district court's assessment of the
constitutional claims debatable or wrong."

16  *Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

17        The court has considered the issues raised by petitioner, with respect to whether they

18  satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet

19  that standard.  The court will therefore deny petitioner a certificate of appealability.  Accordingly, the

20  court will deny petitioner a certificate of appealability.

21        **IT IS THEREFORE ORDERED** that the amended petition for a writ of habeas

22  corpus (docket #14) is **DENIED**.

23        **IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT**

24  **ACCORDINGLY.**

25  ////

26  ////

13

1      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

2   **APPEALABILITY**.

3

4      Dated this _____30th_____ day of April, 2008.

5

6

7   _____

8   CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

14